## Commonwealth v. McCloskey

*Ted McKnight, district attorney,* for the Commonwealth.

*Paul Ryan,* for defendant.

BROWN, *P.J.,* February 1, 1991 — Defendant has been charged with the offense of driving under the influence under section 3731(a)(1) as well as under section 3731(a)(4). Defendant's motion to dismiss is predicated upon constitutional double jeopardy grounds.

The probable cause affidavit filed in support of the driving under the influence charge alleges that on October 2, 1990, at approximately 3:50 a.m., Trooper Cavanaugh of the Pennsylvania State Police observed defendant driving a 1979 Ford vehicle. This occurred as the vehicle was traveling on State Route 2008 from State Route 220 in Lamar Township. The officer followed defendant's vehicle and noted that initially it was operated in the eastbound lane and was weaving within the eastbound lane to a moderate degree. As defendant traveled onward his vehicle began to weave into the westbound lane, straddled the double yellow line on several occasions and did also travel totally within the westbound lane. Defendant's vehicle was followed for one mile. An attempt was made to stop defendant with red lights and flashing high beams. It is alleged that defendant, upon observing the lights, applied his brakes in an area where he could have stopped and pulled off the roadway but instead he continued on an additional one-half mile before stopping on the roadway, prior to reaching State Route 477.

Upon being stopped defendant was asked to present his operator's license and registration. He did this. Upon Trooper Cavanaugh's speaking with defendant he detected an odor of alcoholic beverages about his person. Defendant was then asked what the problem was to which he replied that his

fender was rubbing, causing him to weave. Defendant exited the vehicle and shook his fender and lifted the vehicle hood. Defendant, while standing, was observed swaying, and it was also noted that he spoke with slurred speech.

Defendant was asked to consent to sobriety testing which he did. With respect to the finger count defendant performed in a satisfactory manner. He failed the leg-lift test and the horizontal-gaze nystagmus test. He was then transported to the Lock Haven Hospital where blood was drawn which produced a blood alcohol level reading of 0.182 percent. Defendant was thereafter transported to his residence and released.

On October 3, 1990 a citation was filed against defendant, charging him with the summary offense of failing to maintain the right lane of travel. The present driving under the influence charge was filed on October 5, 1990. Thereafter defendant appeared before the district justice, pled guilty to the summary offense and paid the fine and costs.

Defendant now advances the proposition that he is being prosecuted for driving under the influence in violation of his double jeopardy rights under the Constitution since he entered a prior plea of guilty to the summary offense. It is the Commonwealth's position that it intends to prosecute defendant on the evidence with respect to his failing to stop as well as his failing to pass the field sobriety tests and the blood alcohol level test.

Defendant's position is predicated upon the recent cases of *Grady v. Corbin,* 495 U.S. ___ , 109 L.Ed. 2d 548, 110 S.Ct. ___ (1990), and *Commonwealth v. Labelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990). Those cases indicate that the double jeopardy clause of the Fifth Amendment bars the present prosecution if the Commonwealth intends to establish as an essential element of the DUI prosecution

a matter which also establishes conduct that constituted the offense for which the defendant had already been prosecuted, i.e., driving in the wrong lane of traffic.

As in the recent case of *Commonwealth v. Robert A. Confer*, no. 361-90 (Criminal Division), the Commonwealth contends that it intends to pursue the prosecution without reference to evidence of defendant's being in the wrong lane of travel. That course of action was approved by this court in an opinion and order dated and filed December 28, 1990.

The court notes that the Commonwealth has predicated the DUI prosecution on two separate subsections. The first relates to defendant's being incapable of safe driving and the second relates to defendant's blood alcohol level being in excess of 0.10 percent.

In addressing the incapable of safe driving ground, the Commonwealth could present evidence as to defendant's demeanor in driving in his own lane of travel as well as his response after being signaled to stop by the officer and including his conduct and comportment following the stop, including the use of any field sobriety test. The Commonwealth of course would be precluded from introducing evidence making any reference to defendant's traveling in the wrong lane of travel, including any conduct or actions that occurred during the stop which would have referred to being in the wrong lane of travel.

In addition, unlike *Confer, supra,* the Commonwealth is also prosecuting on the basis of defendant's blood alcohol level. In order to prove this particular charge it is not necessary for the Commonwealth to establish defendant's traveling in the wrong lane of travel. Accordingly defendant's motion to dismiss on double jeopardy grounds will be denied.

## ORDER

And now, February 1, 1991, based upon the foregoing opinion, it is hereby ordered that defendant's motion to dismiss be dismissed and the requested relief be denied.